**STATE of Missouri, Respondent,**

v.

**Charles Glenn PARNELL, Appellant.**

**No. 40359.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 3, 1979.

Lawrence O. Willbrand, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

Defendant Charles G. Parnell was charged with the shotgun murder of John Bradshaw. A jury found him guilty of manslaughter and the court sentenced him to six years' imprisonment. Defendant has appealed, contending only that the court's verdict-directing instruction, MAI–CR 2.40, erroneously omitted the permissible defensive elements of false appearance and the victim's intoxication.

The issue is whether these defenses were warranted by the evidence: On July 17, 1977 defendant and victim John Bradshaw were in a group who were drinking behind a tavern. At one point Bradshaw was wrestling with another man and during that tussle Bradshaw ran into defendant. Bradshaw then took out his aggressions on defendant, using language such as, "You punk, what are you doing pulling a knife on me." After increased abusive language, Bradshaw and defendant scuffled and fell to the ground. Abusive language and scuffling continued between the two men for half an hour and defendant left the tavern. He went home, loaded his shotgun and had his daughter drive him back toward the tavern. The car stopped near the tavern and defendant got out holding his shotgun. Bradshaw walked toward defendant. A bystander told Bradshaw, "Don't go down there, he's got a gun." By this time defendant and Bradshaw were yelling as they approached each other. Bradshaw continued walking toward defendant who was saying, "Don't come any closer," and, as Bradshaw neared the middle of the street defendant shot him, inflicting a mortal wound. Witnesses to the scene—and defendant himself—stated that Bradshaw at no time had any weapons in his hands.

■ As to the claimed false appearance, defendant contends that although Bradshaw was actually unarmed, the evidence was that Bradshaw's appearance to him was otherwise. The record fails to support this. No witness testified to Bradshaw having anything in his hands, putting his hands in his pockets, nor did he give any sign of being armed. Defendant testified he did not know whether Bradshaw had a gun or "what he had on him." On cross examination defendant said: "I don't know whether he was reaching for something or not; he acted like he going to come at me." We hold the evidence did not require the false-appearance submission. Defendant's self-defense contention was adequately covered by paragraph two of MAI–CR 2.40 directing an acquittal if defendant believed he was in immediate danger and that it was necessary to shoot Bradshaw to protect himself from danger.

■ Defendant's other contention challenges paragraph four of MAI–CR 2.40 because in submitting the issue of Bradshaw's turbulent disposition the court omitted the parenthetical phrase "ordinarily or when under the influence of liquor." Defendant bottoms his challenge on testimony that while at the tavern Bradshaw and "the rest of the guys were on whiskey." We hold this evidence did not require a submission of Bradshaw's disposition "when under the influence of liquor." This issue was sufficiently covered by paragraph four of MAI–CR 2.40 directing that if defendant knew Bradshaw had a reputation for violence that fact could be considered in deciding whether defendant had cause to fear injury by Bradshaw.

We hold the evidence did not require the trial court to include either the false appearance or intoxication clauses in its verdict-directing instruction.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.